UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 18-16248-BKC-MAM |
| | Chapter 7 |
| CHANCE & ANTHEM, LLC, | |
| Debtor. | |
| _____/ | |
| ROBERT C. FURR, not individually but as Chapter 7 Trustee of the estate of the Debtor, Chance & Anthem, LLC, | ADV. NO. 19-01300-MAM |
| Plaintiff, | |
| v. | |
| NEW COUNTRY MOTOR CARS OF PALM BEACH, LLC d/b/a MERCEDES BENZ OF PALM BEACH | |
| Defendant. | |
| _____/ | |

**RESPONSE AND OPPOSITION BY PLAINTIFF, ROBERT C. FURR, AS CHAPTER 7 TRUSTEE, TO JEFFREY M. SISKIND'S MOTION TO INTERVENE AND MOTION TO STRIKE**

Plaintiff, Robert C. Furr ("Plaintiff"), as Chapter 7 Trustee of the Debtor, Chance & Anthem, LLC (the "Debtor"), by and through counsel, and pursuant to Fed. R. Civ. P. 24(a)(2), as incorporated by Fed. R. Bank. P. 7024, files this Response And Opposition By Plaintiff, Robert C. Furr, As Chapter 7 Trustee, To Jeffrey M. Siskind's Motion To Intervene And Motion To Strike (the "Response") to the Movant, Jeffrey M. Siskind's ("Siskind") (i) Motion to Intervene [Adv. D.E. 5] (the "Motion to Intervene") and (ii) Motion to Strike Chapter 7 Trustee's Scandalous, Impertinent Allegations and for Clarification [Adv. D.E. 7] (the "Motion to Strike"). In support of this Response the Plaintiff states, as follows:

**I.    PROCEDURAL BACKGROUND**

1.    On May 24, 2018, the Bankruptcy Court for the District of Maryland entered its Memorandum and Order Transferring Venue To The Bankruptcy Court For the Southern District

of Florida, transferring the Bankruptcy Case to this Court.

2.     On May 25, 2018, the Plaintiff was duly appointed and is acting Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate") [ECF No. 76].

3.     On August 6, 2019, Plaintiff initiated the instant adversary proceeding by filing the Adversary Complaint To Avoid And To Recover Fraudulent Transfers And For Other Relief (the "Adversary Complaint") [Adv. EFC No. 1], against the Defendant, New Country Motor Cars of Palm Beach, LLC d/b/a Mercedes Benz of Palm Beach ("New Country" or "Defendant"), in the above adversary proceeding (the "Adversary Case").

4.     In the Adversary Complaint, the Trustee seeks to avoid and recover certain alleged fraudulent transfers totaling $13,233.88 (the "Transfer") pursuant to §726.105(1)(b), Florida Statutes, and 11 U.S.C. §544(b)(1) and 550 of the Bankruptcy Code (Count I) and for Unjust Enrichment (Count II) (collectively, the "Transfer Claims").

5.     On September 7, 2019, Siskind filed his Motion to Intervene and Motion to Strike. Although it is unclear generally to discern among the bouquet of random accusations made in the Motion to Intervene, it appears Siskind would like to intervene in this Adversary Case to, on his behalf and on behalf of the Defendant, defend his "integrity and reputation" and "foster a fair result with respect" to the Defendant despite having no discernible interest in the outcome of this Adversary Case.

6.     In the Motion to Strike, Siskind argues broadly—without specifying or clarifying—that the Adversary Complaint contains unspecified "scandalous and impertinent language" that should be stricken.

7.     For the reasons set forth in this Response, the Motion to Intervene and the Motion to Strike lack merit and should be denied.

## II.     LEGAL ARGUMENT AS TO MOTION TO INTERVENE

### A.     Governing Rules For Intervention Under Rule 24.

Rule 24 of the Federal Rules of Civil Procedure, as made applicable to this Adversary Case by Rule 7004 of the Federal Rules of Bankruptcy Procedure, provides in pertinent part,[1] as follows:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who: . . .

---

[1] Although Siskind failed to cite to a specific sub-part of Rule 24, the Motion to Intervene's introductory paragraph suggests that Siskind is seeking relief under Rule 24(a)(2) and Rule 24(b)(1)(B).

> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) Permissive Intervention.
>
>> (1) In General. On timely motion, the court may permit anyone to intervene who: . . .
>>
>>> (B) has a claim or defense that shares with the main action a common question of law or fact. . . .
>>
>> (3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(a)-(b).

### B.   Siskind May Not Intervene Under Rule 24(a)(2).

Siskind (apparently) moves under Rule 24(a)(2) to intervene in this Adversary Case as a matter of right. "To intervene of right under Rule 24(a)(2), a party must establish that (1) his [or her] application to intervene is timely; (2) he [or she] has an interest relating to the property or transaction which is the subject of the action; (3) he [or she] is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his [or her] interest is represented inadequately by the existing parties to the suit." *Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1302-03 (11th Cir. 2008) (citation and internal quotation marks omitted); Fed. R. Civ. P. 24(a)(2). The burden is on the party seeking intervention. *See Stone v. First Union Corp.*, 371 F.3d 1305, 1308 (11th Cir. 2004). Plaintiff respectfully submits that the Court should deny the Motion to Intervene because Siskind has not satisfied, and indeed cannot satisfy, these requirements for intervention.

*First*, Siskind does not have a legally protectable "interest" relating to the property or transaction involved in the Adversary Case. In determining the sufficiency of a party's "interest" in an action, the putative intervenor "must be at least a real party in interest in the transaction which is the subject of the proceeding," or have a "direct, substantial, legally protectable interest in the proceedings." *Athens Lumber Co. v. Federal Election Comm'n*, 690 F.2d 1364, 1355 (11th Cir. 1982); *Panola Land Buying Assoc. v. Clark*, 844 F.2d 1506, 1509 (11th Cir. 1988). "A legally protectable interest is something more than an economic interest"; rather, the interest must "be one which substantive law recognizes as belonging to or being owned by the applicant." *In re Kane & Kane*, 475 B.R. 251, 262 (Bankr. S.D. Fla. 2012) (Kimball, J.); Mt.

Hawley Insurance Company v. Sandy Lake Properties, Inc., 425 F.3d 1308, 1311 (11th Cir. 2005) (emphasis in original). Here, Siskind points to no direct, substantial, legally protectable interest in the Adversary Case that rises to the level of conferring "real party in interest" status on Siskind. Where the burden is on Siskind to identify the direct, substantial, legally protectable interest in the proceedings, this failure alone compels denial of the Motion to Intervene. *See, e.g.*, *Office of Attorney Gen. v. Ocwen Fin. Corp.*, 17-80496-CIV, 2018 WL 4957293, at *2 (S.D. Fla. Sept. 27, 2018) ("Here, the Court concludes that the proposed Intervenors do not meet the requirements for intervention as of right because they have failed to establish that they have an interest that may be impaired or impeded by the disposition of this action, or that any purported interest is not adequately protected by Plaintiffs.").

Siskind failed to allege a direct, substantial, legally protectable interest because no such interest—economic or otherwise—in the outcome of Plaintiff's Transfer Claims against Defendant exists. Siskind's claimed "interest" in this case—apparently, to ensure that the Plaintiff "amend its instant complaint in order to adequately set forth facts" that do not implicate his "integrity and reputation"[2]—does not meet this standard. As explained by Judge Kimball in *Kane & Kane* (and the Eleventh Circuit), intervention under Rule 24(a)(2) is inappropriate where, as here, the putative intervenor's alleged interest is not "one which the *substantive* law recognizes as belonging to or being owned by the [intervenor]." *Kane & Kane*, 475 B.R. at 263 (alterations in original; internal quotation marks omitted) (citing *Mt. Hawley*, 425 F.3d at 1311). Here, the Motion to Intervene, assuming it alleges any cognizable interest at all, merely highlights Siskind's desire to challenge the allegations of the Adversary Complaint on behalf of the Defendant, which itself is not an interest recognized by substantive law as belonging to Siskind. *Id.* ("An interest contingent upon the outcome of other pending litigation is not a legally protectable interest."). In other words, although the Adversary Complaint alleges that Siskind played a part in the transactions giving rise to Plaintiff's claims as the Debtor-transferor's principal (namely, the alleged fraudulent transfers from Debtor to Defendant), Siskind has no legally protectable interest in those transfers themselves (as they are either property of the estate or of the Defendant), or in the outcome of these proceedings. Nor does Siskind have any substantive right to raise defenses to the allegations of the Adversary Complaint on Defendant's

---

[2] *See* Motion to Intervene, Adv. ECF No. 5, ¶ 6.

behalf. Siskind is, at best, a fact witness and has no substantive right to defend the allegations of the Adversary Complaint on the Defendant's behalf.

***Second***, the disposition of this Adversary Case will not impair or impede the Siskind's ability to defend his "integrity and reputation." Indeed, to the extent that Siskind contests the allegations that allegedly affect his reputation and integrity, he may do so in the concomitantly pending *Furr v. Siskind, et al.*, Adv. Case No. 8-16248-BKC-MAM adversary proceeding (the "Siskind Adversary), where the Plaintiff's allegations against Siskind actually impact his legally protectable interests. In other words, Siskind's lack of involvement and/or participation in this Adversary Case will not impair Siskind's ability to protect any perceived threat to his "integrity and reputation" in the Siskind Adversary. *See, e.g.*, *Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 96-98 (2d Cir. 1990).

### C. Siskind Should Not Be Permitted to Intervene Pursuant to Rule 24(b).

Federal Rule of Civil Procedure 24(b)(2), which is made applicable to the adversary proceeding through Federal Rule of Bankruptcy Procedure 7024, allows a court to permit intervention when the movant "has a claim or defense that shares with the main action a common question of fact or law."[3] A court should only permit intervention if the motion is "timely," and should reject requests where "intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). "If there is no right to intervene as of right under Rule 24(a), it is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise. satisfied, the court may refuse to allow intervention." *Worlds v. Dep't of Health & Rehab. Servs.*, *State of Fla.*, 929 F.2d 591, 595 (11th Cir. 1991). Siskind against not met his burden of showing intervention is appropriate here.

***First***, in the Motion to Intervene, Siskind has completely failed to identify a common question of fact or law in support of permissive intervention. Even assuming there is overlap between the Siskind Adversary and the instant case, the parties here would suffer prejudice and undue delay if Siskind were permitted to intervene in this case. Permitting intervention would force the parties in this case to litigate factual questions not presently at issue and that are purely idiosyncratic to Siskind, despite the fact that Siskind already has a forum—e.g., the Siskind

---

[3] Although the Motion to Intervene fails to cite this specific rule, Siskind appears to invoke Rule 24(b)(2) by referencing "permissive intervention" upon a showing of a "common question of law or fact." Motion to Intervene, Adv. ECF No. 5, ¶ 1.

Adversary—to "defend" the various irrelevant issues he identifies in the Motion to Intervene. Therefore, the Court, in its discretion, should find that permissive intervention is not warranted.

In sum, to the extent that Siskind's Motion to Intervene argues for permissive intervention, permissive intervention under Rule 24(b) should not be granted for the similar reasons as to why mandatory intervention should be denied. Namely, Siskind, Plaintiff, and the Court have already created an entry point for Siskind to raise the various allegations outlined in the Motion to Intervene: the Siskind Adversary.

*Second*, Siskind has asserted no claim or defense that would allow him to intervene under Rule 24(b)(2). *In re Terex Corp.*, 53 B.R. 616, 620 (Bankr. N.D. Ohio 1985) ("To intervene under Rule 24(b), the movant must have a 'claim or defense' . . . with questions of fact or law in common with the main action—not just a general interest in its subject matter or outcome.") (quotations and citation omitted).

### III.    LEGAL ARGUMENT AS TO SISKIND'S MOTION TO STRIKE

#### A.    Siskind Lacks Standing to File and Prosecute the Motion to Strike.

As a preliminary matter, Siskind lacks capacity to file and prosecute the Motion to Strike because he is not a party to the action and has been permitted to intervene or otherwise participate in the Adversary Action, which was ostensibly filed under Rule 12(f) of the Federal Rules of Civil Procedure. Rule 12(f) provides:

> (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
> > (1) on its own; or
> > (2) on motion *made by a party* either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f)

Under the express language of Rule 12(f), Siskind is neither a "pleader" that is able to submit a "pleading" before the Court, nor a "party" that may move the Court to strike alleged "redundant, immaterial, impertinent, or scandalous" matters. Thus, because Siskind has not been accorded, by order of the Court, the right to intervene in this Adversary Case, he is not a party to this Adversary Case, and therefore lacks standing to file and pursue his Motion to Strike. *See e.g.*, *In re Coram Res. Network, Inc.*, 305 B.R. 386, 388 (Bankr. D. Del. 2004) (Walrath, J.) (denying Rule 12 motion to dismiss where movant had not moved to intervene in adversary case,

6

holding that movant was "not a 'pleader' because he is neither a defendant, counter-claim defendant, cross-claim defendant nor an intervenor" and, therefore lacked standing to prosecute said motion to dismiss).

### B. The Motion to Strike Is Meritless.

A motion to strike under Fed. R. Civ. P. 12(f) is "a drastic remedy" and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *TracFone Wireless, Inc. v. Access Telecom, Inc.*, 642 F.Supp.2d 1354, 1361 (S.D. Fla. 2009) (citations and internal quotations omitted); *Prentice v. Residential Funding LLC*, No. 12-12993, 2013 WL 1663868, at *2 (E.D. Mich. Apr. 17, 2013) (providing that such motions "have long been held in disfavor," and will not be granted unless the material to be stricken has "no possible relation to the controversy"). Motions to strike are generally viewed with disfavor, *see Pan dora Jewelers 1995, Inc. v. Pan dora Jewelry, LLC*, 2010 WL 5393265, at *1 (S.D.Fla. Dec.21, 2010) (Cooke, J.), in part because they "waste time by requiring judges to engage in busy work and judicial editing without addressing the merits of a party's claim," *see U.S. Bank Nat'l Ass'n v. Alliant Energy Res., Inc.*, 2009 WL 1850813, at *3 (W.D.Wis. June 26, 2009) (Crabb, J.); *Regions Bank v. Commonwealth Land Title Ins. Co.*, 11-23257-CIV, 2012 WL 5410609, at *2 (S.D. Fla. Nov. 6, 2012)

Plaintiff emphasizes at the outset that Siskind has failed to specifically identify a specific allegation of the Adversary Complaint that he would have this Court strike as "scandalous and impertinent." Rather, in only a handful of meandering paragraphs, Siskind (A) argues, without specifying that "scandalous and impertinent language contained within the Chapter 7 Trustee's complaint be stricken"; (B) raises issues with factual allegations by the Plaintiff in a completely separate adversary proceeding—the Siskind Adversary; (C) argues that "[a]t first blush, the instant adversary complaint appears overwhelming" and it was "designed to be so"; and (D) again without pointing to any specific allegation, "requests that all unnecessary scandalous, impertinent allegations be stricken."

The foregoing authorities make clear that a specific allegation in a pleading will be stricken only when such allegation has *no possible* relation to the controversy and may cause prejudice to one of the parties. Siskind has not even attempt to carry his burden of demonstrating which of the Plaintiff's allegations in *this Adversary Case* lacks *any possible* connection to the instant controversy. The Motion to Strike is the epitome of the "waste" of time at which the

District Court for the Southern District of Florida has looked askance in disfavor. The Motion to Strike must, therefore, be denied.

  **WHEREFORE**, Plaintiff Robert C. Furr, as Chapter 7 Trustee, respectfully requests that the Court enter an Order (i) sustaining and granting the Response; (ii) denying the Motion to Intervene and Motion to Strike; and (iii) for such other and further relief as the Court deems just and appropriate.

**Respectfully submitted this 30th day of September, 2019.**

            **GENOVESE JOBLOVE & BATTISTA, P.A.**
            Counsel to the Chapter 7 Trustee
            100 S.E. 2nd Street, Suite 4400
            Miami, FL 33131
            Tel.: (305) 349-2300
            Fax.: (305) 349-2310

            By: /s/ Barry P. Gruher, Esq.
              John H. Genovese, Esq.
              Florida Bar No. 280852
              jgenovese@gjb-law.com
              Jesus M. Suarez, Esq.
              Fla. Bar No. 60086
              jsuarez@gjb-law.com
              Barry P. Gruher, Esq.
              Fla. Bar No. 960993
              bgruher@gjb-law.com

## CERTIFICATE OF SERVICE

  **I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via CM/ECF Notification upon all interested parties registered to receive electronic notification in this matter as indicated on the Service List below on this 30th day of September, 2019.

            By: /s/ Barry P. Gruher
              Barry P. Gruher, Esq.

## SERVICE LIST

*Served Via CM/ECF Notification*

Jeffrey M Siskind on behalf of Interested Party Jeffrey M Siskind jeffsiskind@msn.com, jmsesq500@gmail.com

Jesus M Suarez on behalf of Plaintiff Robert C. Furr jsuarez@gjb-law.com, gjbecf@gjb-law.com; chopkins@gjb-law.com; jzamora@gjb-law.com; ecastellanos@gjb-law.com; gjbecf@ecf.courtdrive.com


*Served Via U.S. Mail*

New Country Motor Cars of Palm Beach, LLC
d/b/a Mercedes Benz of Palm Beach
c/o Michael Cantanucci, CEO
358 Broadway, Suite 403
Saratoga Springs, New York 12866

New Country Motor Cars of Palm Beach, LLC
d/b/a Mercedes Benz of Palm Beach
c/o Haile, Shaw and Pfaffenberger, P.A.,
Registered Agent
660 U.S. Highway #1, 3rd Floor
North Palm Beach, Florida 33480

9